UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| MICHAEL VENERI, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>) CIVIL ACTION _____<br>The Hon. PETE HEGSETH, )<br>Secretary of Defense, U.S. Department )<br>of Defense )<br>)<br>Defendant. )<br>) | |

## COMPLAINT

Plaintiff Michael Veneri ("Plaintiff" or "Mr. Veneri"), by counsel, against Secretary of Defense Pete Hegseth in his official capacity, states as follows:

## NATURE OF ACTION

1. This is an action against the Department of Defense, Defense Contract Audit Agency (DCAA) for violation of Section 501 and 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 791, which prohibits discrimination on the basis of disability.

## PARTIES AND RELEVANT NON-PARTIES

2. Mr. Veneri is an adult citizen who currently resides in San Antonio, Texas.

3. Mr. Veneri is a member of a protected class based on his disabilities, including Attention Deficit Hyperactivity Disorder (ADHD) and Asperger's Syndrome.

1

4. Mr. Veneri's disorders affect his major life activities including communication, cognition, attention, and other activities involving thought and processing.

5. Defendant Pete Hegseth is the Secretary of Defense and is sued in his official capacity.

6. At all times relevant to this complaint, Mr. Veneri was an employee of the DCAA, a subcomponent of the Department of Defense.

## JURISDICTION AND VENUE

7. The Plaintiff initiated contact with the Equal Employment Opportunity ("EEO") Office on May 22, 2024.

8. The Plaintiff initiated a complaint of discrimination with the EEO Office at DCAA, alleging that he had been discriminated against on the following bases:

   a. Disability (mental) – Attention Deficit Hyperactivity Disorder (ADHD)

   b. Disability (mental) – Asperger's Syndrome

   c. Failure to accommodate

9. The Claimant filed a formal complaint with the EEO Office asking whether the Agency had subjected plaintiff to discrimination based on disability (mental) on three claims:

   a. Claim 1: On or about November 2023, Mr. Cuong Chau, Resident Auditor (RA) and Mr. Mohammed Farhad, Supervisory Auditor (SA), did not provide the three-month probationary period evaluation report to Plaintiff.

   b. Claim 2: On or about August 2023 to March 27, 2024, SA Farhad failed to provide Complainant with the accommodation of a job coach unlike other employees.

      c. Claim 3: On April 18, 2024, Mr. Chau, RA, issued Complainant a Termination During Probationary Period notice.

10. Plaintiff's informal and formal complaints to the EEO Office alleged that Defendant had engaged in violations of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.

11. On September 30, 2024, the EEO Office issued Plaintiff a letter dismissing Claim 1 as untimely and accepting Claims 2 and 3 for investigation.

12. The Agency investigated the claims and issued its Final Agency Decision on July 16, 2025.

13. The Plaintiff has exhausted administrative remedies as to the claims raised in this Complaint and has now opted to pursue this case in the U.S. District Court.

14. This Complaint was filed within 90 days of Plaintiff's receipt of the July 16, 2025 Final Agency Decision and right to sue.

15. All parties and subject matter herein mentioned are within the jurisdiction of this Honorable Court.

## FACTS

16. Mr. Veneri was hired as an Auditor, GS-0511-09 at the DCAA General Dynamics sub-office in Falls Church, Virginia on August 13, 2023 located at 3150 Fairview Park Dr, Falls Church, Virginia 22042.

17. Mr. Veneri's employment was subject to a one-year probationary period.

18. As a child, Mr. Veneri was diagnosed with the permanent medical conditions of ADHD and Asperger's syndrome.

19. To treat his condition, Mr. Veneri has been prescribed 30 milligrams (mg) of Adderall, twice a day and 1.5 mg of Vraylar, once nightly.

20. When he applied for his job with DCAA, Mr. Veneri checked a box on his application indicating that he had a disability.

21. As a condition of employment, Mr. Veneri was required to take a pre-employment urine test. Mr. Veneri's test returned a positive for amphetamines as a result of his medication. DCAA required him to submit paperwork from the Brook Army Medical Center Pharmacy explaining his medications.

22. After observing an episode of tardive dyskinesia, Mr. Farhad asked Plaintiff if he had a medical condition.

23. In response, Mr. Veneri disclosed his disability and medications to Mr. Farhad.

24. Upon the beginning of his employment, Mr. Veneri was to be assigned a job coach to assist him with training and learning his new position.

25. DCAA did not assign him a coach upon his hiring or at any point in time prior to March 20, 2024.

26. DCAA did assign job coaches to other, non-disabled employees immediately upon their hiring.

27. Mr. Farhad served as Plaintiff's first-level supervisor and Mr. Chau served as Plaintiff's second-level supervisor.

28. Mr. Farhad supervised Plaintiff's daily work from August 2023 until April 2024.

29. Plaintiff was supposed to receive a three-month performance rating in November 2023, but no formal evaluation occurred.

30. In February 2024, Mr. Veneri received an unsatisfactory performance rating during a periodic review.

31. Both Mr. Farhad and Mr, Chau recommended that Plaintiff be retained in his position following his six-month review in February 2024.

32. At this time, Mr. Veneri had still not been assigned a job coach.

33. On February 27, 2024, Plaintiff made an oral request for a reasonable accommodation to Mr. Farhad. Specifically, Plaintiff requested additional time to complete his work and for the assignment of the job coach to which Plaintiff had been entitled since the beginning of his employment.

34. On March 7, 2024 Human Resources notified Mr. Chau that Plaintiff had submitted a reasonable accommodation request.

35. On March 8, 2024, Plaintiff updated his request for a reasonable accommodation to include extra time to learn and complete his tasks, mentorship, and a performance improvement plan

36. At DCAA's request, Mr. Veneri provided his medical documentation to the Agency on March 14, 2024.

37. On March 20, 2024, Supervisory Auditor Farhad assigned Marnex "Max" Mijares to serve as Plaintiff's job coach.  At the time, Mr. Mijares was out of the office on paternity leave and not working at the Agency.

38. Mr. Mijares returned from paternity leave on March 27, 2024.

39. Mr. Mijares and Mr. Veneri had their first coaching meeting on March 27, 2024.

40. The Agency, through Mr. Chau, approved Plaintiff's reasonable accommodation request on April 16, 2024. However, Plaintiff was terminated before the reasonable accommodation could be implemented.

41. The Agency's Reasonable Accommodation Program is set out in DCAA Instruction No. 1440.2, dated May 17, 2016.

42. According to DCAA Instruction No. 1440.2 in order to qualify for a reasonable accommodation under Agency policy, an employee must be determined to be a qualified individual with a disability.

43. According to DCAA Instruction No. 1440.2, a qualified individual with a disability is an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the position in question without endangering the health or safety of the individual or others and who meets the requisite skill, experience, education, and other job-related requirements of the position.

44. By approving Mr. Veneri's accommodation request, the Agency determined that he was a qualified individual with a disability.

45. Agency policy requires an accommodation decision within 20 business days of receiving necessary medical documentation, absent extenuating circumstances.

46. The Ageny failed to provide a decision within 20 business days of receiving the medical documentation on March 14, 2024.

47. On April 18, 2024, Mr. Chau terminated Plaintiff's employment.

48. The Agency failed to implement Plaintiff's approved accommodation request prior to his termination.

## COUNT I
### Failure to Accommodate in Violation of the Rehabilitation Act
### <u>29 U.S.C. § 701 *et seq*</u>.

49. The allegations in the foregoing paragraphs are incorporated as if realleged herein.

50. Mr. Veneri is an individual with a disability as defined by the Rehabilitation Act of 1973, specifically ADHD and Asperger's Syndrome.

51. Mr. Veneri's disability affected his ability to meet established criteria of the position.

52. Mr. Veneri was otherwise qualified to fill the position, as the Agency acknowledged when it approved his reasonable accommodation request.

53. Management was aware of Mr. Veneri's disability.  Mr. Veneri disclosed his disability to Mr. Farhad on his application, following his positive urine test, and when he requested a reasonable accommodation.

54. Mr. Chau was aware that Plaintiff had a disability because he approved the reasonable accommodation request.

55. Management was on notice of the need for an accommodation when Mr. Veneri requested an accommodation on February 27, 2024.

56. Mr. Veneri's need for an accommodation was evident prior to February 27, 2024.

57. The Ageny acknowledged that Mr. Veneri's disability could be accommodated when it granted his reasonable accommodation request on April 16, 2024.

58. The Agency's grant of a reasonable accommodation request on April 16, 2024 indicates that the Agency did not consider the request to create an undue hardship.

59. The Agency terminated Plaintiff before implementing the reasonable accommodation.

60. The actions of the Defendant have caused Plaintiff economic harm and impacted Plaintiff's mental health caused him to suffer physical manifestations of his mental and emotional pain and suffering.

## COUNT II
### Discrimination in violation of the Rehabilitation Act
### 29 U.S.C. § 701 *et seq.*

61. The allegations in the foregoing paragraphs are incorporated as if realleged herein.

62. Mr. Veneri is an individual with a disability as defined by the Rehabilitation Act of 1973 – namely ADHD and Asperger's Syndrome.

63. Mr. Veneri was qualified for the position of Auditor GS-0511-09.

64. The Agency acknowledged his qualifications both when it hired him and when it granted him a reasonable accommodation.

65. Mr. Veneri was subjected to an adverse employment action when he was terminated during his probationary period on April 18, 2024.

66. Mr. Veneri's termination followed closely in time with his request for a reasonable accommodation, when he disclosed his disability to Mr. Chau.

67. The actions of the Defendant have caused Plaintiff economic harm and impacted Plaintiff's mental health caused him to suffer physical manifestations of his mental and emotional pain and suffering.

## COUNT III
### Disparate Treatment in violation of the Rehabilitation Act
### 29 U.S.C. § 701 *et seq.*

68. The allegations in the foregoing paragraphs are incorporated as if realleged herein.

69. Mr. Veneri was hired on August 13, 2023 but was not assigned a job coach.

70. DCAA assigned job coaches to other non-disabled employees upon hire.

71. The Agency discriminated against Mr. Veneri when it failed to assign him a job coach while assigning job coaches to similarly situated non-disabled probationary employees.

72. As a result of this disparate treatment, Mr. Veneri was terminated.

73. The actions of the Defendant have caused Plaintiff economic harm and impacted Plaintiff's mental health caused him to suffer physical manifestations of his mental and emotional pain and suffering.

## PRAYER FOR RELIEF

WHEREFORE, Michael Veneri requests that this Court enter judgment in his favor with respect to all Counts and further:

(a) Award Plaintiff economic damages in an amount that can only be determined in discovery; and in addition,

(b) Award Plaintiff compensatory damages in an amount that can only be determined in discovery; and in addition,

(c) Award Plaintiff attorneys' fees, expert fees, and costs of this action as may be permitted by law; and in addition,

(d) Award Plaintiff such other and further relief as may be appropriate.

## JURY DEMAND
**Plaintiff Michael Veneri demands a trial by jury.**

Dated: October 12, 2025                              Respectfully,

                                                 _/s/ Joshua Erlich_
                                                 Joshua Erlich, Va. Bar. No. XXXXX
                                                 THE ERLICH LAW OFFICE, PLLC
                                                 1550 Wilson Blvd., Ste. 700
                                                 Arlington, VA 22201
                                                 Tel:    (703) 791-9087
                                                 Fax:    (703) 722-8114
                                                 jerlich@erlichlawoffice.com